# EXHIBIT A

## **CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Confidential Settlement Agreement and General Release (the "Agreement") is hereby entered into by and between Bridget Stacks ("Stacks") and Viva Life, LLC d/b/a Sona MedSpa ("Sona MedSpa").

WHEREAS, Stacks has filed a Complaint against Sona MedSpa in the United States District Court for the Southern District of Texas at Houston, Case No. 4:16-cv-01179 (the "Complaint") alleging that Sona MedSpa improperly classified her and other sales consultants as exempt from the overtime requirements of the Fair Labor Standards Act and, as a result, failed to pay appropriate wages during their employment;

WHEREAS, Sona MedSpa denies that it failed to pay overtime to Stacks or any other sales consultant and has moved to dismiss Stacks' Complaint for failure to state a claim for relief which can be granted; and

WHEREAS, Stacks and Sona MedSpa desire to settle, compromise, and resolve all of their differences pursuant to the terms and conditions set forth in this Agreement;

NOW, THEREFORE, it is hereby agreed that:

1. **Settlement Proceeds.** In full settlement of any and all known and unknown claims, demands, and causes of action that Stacks has or may have against Sona MedSpa, including claims arising from the facts and circumstances that form the basis for her Complaint, Sona MedSpa shall pay to Stacks and her attorneys the total amount of $12,588.00 (the "Settlement Proceeds") after receiving a fully-executed copy of this Agreement in unmodified form without deletions executed by Stacks. The Settlement Proceeds shall be allocated as follows: $3,419.00 represents an amount allocated for liquidated damages for which a check and a 1099 will be issued to Stacks; and $3,419.00 represents an amount allocated for back wages, which will be provided to Stacks in a lump sum payment in the form of a check, less normal withholdings for federal and state income and payroll taxes, and for which Sona MedSpa will issue Stacks a W-2; and $5,750.00 represents attorneys' fees and costs for which a separate check and a 1099 will be issued to Stacks' attorneys.

Payment shall be delivered by Sona MedSpa within seven calendar days of the date the Court enters an order approving the terms of the Agreement. Upon receipt by Stacks and her attorneys of proper payment, the parties agree to cooperate and take all steps necessary and appropriate to promptly dismiss the Complaint with prejudice. If the Court refuses to approve this Agreement or any material part of it, counsel for either party shall have the right to terminate this Agreement by providing written notice of their election to do so to counsel for the other party within ten days of an order refusing or declining to approve of the Agreement or any material part of it.

Stacks shall be obligated to obtain her own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments and/or other remuneration she receives or obtains pursuant to this Agreement, and further assumes the responsibility of remitting to the Internal Revenue Service and any other relevant taxing authorities any and all

amounts required by law to be paid out of any monies received, or other remuneration obtained under this Agreement, without any contribution or responsibility whatsoever from any of the Released Parties. Nothing in this Agreement shall be construed as Sona MedSpa providing any advice regarding the reporting or payment of taxes or the tax consequences of the Settlement Proceeds.

  2. **Conditions Precedent to this Agreement; General Release of Claims; Mutual Release.** In consideration for the Settlement Proceeds, Stacks agrees to pursue no further, and hereby expressly settles, releases, and compromises all claims asserted in the Complaint. Stacks hereby authorizes her attorney to enter a stipulation of dismissal. In further consideration for the Settlement Proceeds, Stacks acknowledges and warrants that she is not aware of, or that she has fully disclosed to Sona MedSpa in writing, prior to the execution of this Agreement, any matters for which Stacks was responsible or that came to Stacks' attention as an employee of Sona MedSpa that might give rise to, evidence, or support any claim of healthcare fraud and abuse, false claims, Anti-Kickback violations or similar healthcare regulatory violations by the Released Parties. In further consideration for the Settlement Proceeds, Stacks hereby releases and forever discharges Sona MedSpa, its subsidiaries, business units, affiliates, parent companies, its predecessors and successors, and the respective officers, directors, employees, agents, legal counsel, insurance carriers, and claims administrators, successors, and assigns of those entities, past and present, (collectively referred to as the "Released Parties") from any and all known and unknown claims, demands, and causes of action that Stacks may have against the Released Parties arising from or in connection with (i) the terms and conditions of her employment with Sona MedSpa, (ii) her termination from Sona MedSpa's employment, and (iii) any conduct, actions, or omissions, known or unknown, by the Released Parties occurring on or before the date Stacks executes this Agreement.

  3. **Covenant Not to Sue.** Stacks hereby covenants and agrees not to file, commence, or initiate any suits, grievances, demands, or causes of action against the Released Parties based upon or relating to any of the specific claims released and forever discharged pursuant to this Agreement. Moreover, Stacks agrees that she will not persuade or instruct any person to file a suit, claim, or complaint with any state or federal court or administrative agency against the Released Parties.

  4. **No Admission of Wrongdoing or Liability.** Nothing contained in this Agreement shall constitute, or be construed as or is intended to be, an admission concerning the validity of any claim by Stacks, or an acknowledgment by the Released Parties of any wrongdoing or liability, all such wrongdoing and liability being expressly denied.

  5. **Confidentiality.** Stacks agrees to maintain absolute confidentiality and secrecy concerning the terms of this Agreement and will not reveal, or disseminate by publication in any manner whatsoever, this document or any matters pertaining to it to any other person, including but not limited to any past or present employee, officer, or director of Sona MedSpa or any media representative, except as required by legal process. This confidentiality provision does not apply to communications necessary between immediate family members or legal and

financial planners or tax preparers, who will also be informed of the confidentiality of this Agreement.

6. **Non-Disparagement.** The parties agree that neither party will make any statements, publicly or otherwise, orally or in writing, disparaging the character, reputation or standing of the other party. As to Sona MedSpa, this provision applies only to those management employees, including officers of Sona MedSpa, who have actual knowledge of this non-disparagement requirement.

7. **Waiver of Right to Reinstatement; Covenant Not to Reapply.** Stacks waives any right that she otherwise might have to reinstatement to her former position or to any position at any Sona MedSpa facility or any of its affiliated corporations, including Viva Life, LLC, Sona MedSpa Physician Group, PLLC, Sona MedSpa International, Inc., The Dermatology Center, P.A., D&M Practice Management, LLC and Dermatology and MedSpa, Inc. Stacks covenants and agrees that she will never seek employment, accept a future position of employment or be reinstated to employment with Sona MedSpa or any of the corporate affiliates listed above.

8. **Breach of Agreement.** This Agreement is to be governed by the laws of the State of Tennessee without regard to its choice of law principles.

9. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of Stacks, Sona MedSpa, and the other Released Parties, as well as their officers, directors, employees, agents, legal counsel, insurance carriers, heirs, successors, and assigns.

10. **Warranties/Representations.** Stacks hereby warrants and represents that:

    A. She has carefully read and fully understands the comprehensive terms and conditions of this Agreement and the releases set forth herein;

    B. She is executing this Agreement knowingly and voluntarily, without any duress, coercion, or undue influence by Sona MedSpa, its representatives, or any other person;

    C. She has consulted with legal counsel of her own choice before executing this Agreement;

    D. She has pending no claim, complaint, grievance, or any document with any federal or state agency or any court seeking money damages or relief against the Released Parties other than the Complaint;

    E. The Settlement Proceeds recited above constitute good and valuable consideration;

      F.      She is fully satisfied with the terms and conditions of this Agreement including, without limitation, the consideration paid to her by Sona MedSpa as part of this comprehensive settlement;

      G.      She is not waiving rights or claims that may arise after the date this Agreement is executed.

11. **Entire Agreement; Severability of Terms.** This Agreement contains the complete, entire understanding of the parties. In executing this Agreement, neither party relies on any term, condition, promise, or representation other than those expressed in this Agreement. This Agreement supersedes all prior and contemporaneous oral and written agreements and discussions with respect to the subject matter hereof. This Agreement may be amended or modified only by an agreement in writing. If any provision of this Agreement is determined to be invalid or otherwise unenforceable, then that invalidity or unenforceability shall not affect any other provision of this Agreement, which shall continue and remain in full force and effect.

**[SIGNATURE PAGE FOLLOWS]**

THIS IS A LEGALLY ENFORCEABLE AGREEMENT.

Dated: July 26th, 2016

_____
BRIDGET STACKS

Dated: August 5, 2016

VIVA LIFE, LLC d/b/a SONA MEDSPA

By: _____
Title: Co-CEO

18699616.3

5